NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PARALYZED VETERANS OF AMERICA,**
*Petitioner*

**v.**

**SECRETARY OF VETERANS AFFAIRS,**
*Respondent*

---

2015-7080

---

Petition for review pursuant to 38 U.S.C. Section 502.

-------------------------------------------------------------

**DISABLED AMERICAN VETERANS, VETERANS OF FOREIGN WARS OF THE UNITED STATES,**
*Petitioners*

**v.**

**SECRETARY OF VETERANS AFFAIRS,**
*Respondent*

---

2015-7081

---

Petition for review pursuant to 38 U.S.C. Section 502.

———————————————

Decided:  June 22, 2016

———————————————

LINDA E. BLAUHUT, Paralyzed Veterans of America, Washington, DC, argued for petitioner in 2015-7080. Also represented by JENNIFER ANN ZAJAC.

DORIS HINES, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, argued for petitioners in 2015-7081. Also represented by LAUREN J. DREYER; BENJAMIN SCHLESINGER, Atlanta, GA.

MARTIN F. HOCKEY, JR., Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent in 2015-7080. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR.; DAVID J. BARRANS, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

MARTIN F. HOCKEY, JR., Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent in 2015-7081. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR.; DAVID J. BARRANS, BRIAN D. GRIFFIN, Office of General Counsel, Department of Veterans Affairs, Washington, DC.

THOMAS JOHN KNIFFEN, I, Law Office of Thomas J. Kniffen, New York, NY, for amicus curiae New York State Bar Association in 2015-7081. Also represented by CHRISTINE KHALILI-BORNA CLEMENS, Finkelstein & Partners, LLP, Newburgh, NY.

———————————————

Before NEWMAN, O'MALLEY, and CHEN, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

The Paralyzed Veterans of America and the Disabled Veterans of America (collectively, Petitioners) challenge the validity of regulations in 38 C.F.R. parts 3, 19, and 20, requiring all claims and administrative appeals to originate on standard VA forms. *See generally Standard Claims and Appeals Forms*, 79 Fed. Reg. 67660 (Dep't of Veterans Affairs Sept. 25, 2014).

In related petitions,[1] this question was heard and decided by a panel of this court. *See Veterans Justice Grp., LLC v. Sec'y of Veterans Affairs*, 818 F.3d 1336 (Fed. Cir. 2016). We are bound by the decision of the prior panel, and similarly deny the requested relief.

**DENIED**

No costs.

---

[1]     *Veterans Justice Grp., LLC v. Sec'y of Veterans Affairs* (2015-7021), *Nat'l Org. of Veterans Advocates Inc., v. Sec'y of Veterans Affairs* (2015-7025); and *Am. Legion v. Sec'y of Veterans Affairs* (2015-7061). The Petitioners also challenge the regulations to the extent that they foreclose equitable tolling. This challenge is moot given the government's clarification at oral argument that the regulations do not foreclose equitable tolling. The Petitioners' challenge based on the statutory notice requirements under 38 U.S.C. § 5103 is also moot because the government does not contend that notice on standard VA forms satisfies its statutory notice requirements in all cases. For the same reasons, we do not decide the Petitioners' request for a ruling that Social Security regulations under 38 C.F.R. § 3.153 remain valid or that the VA be precluded from contacting represented veterans without involving their representatives.